Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/27/21

DOCKET NO. 200416-78091
DATE: May 28, 2021

REMANDED

Entitlement to waiver of recovery of an overpayment of Department of Veterans Affairs (VA) benefits, to include the question of whether the overpayment was properly created, is remanded.

REASONS FOR REMAND

The Veteran had active service in the United States Army from December 1992 to July 2015. This appeal comes to the Board of Veterans' Appeals (Board) from a March 2020 decision of the Committee on Waivers and Compromises (COWC) of the VA Regional Office (RO). The Veteran timely appealed that decision to the Board of Veterans' Appeals (Board) and elected the Direct Review by Veteran Law Judge lane. See April 2020 VA Form 10182. 

The Veteran notified VA in June 2019 that his daughter, A.G., had recently graduated from high school and was continuing her education in college. A VA Form 21-674, Request for Approval of School Attendance, was submitted at the same time. An internal memo within the claims file then shows a debt was created in the amount of $337.00. Remarks on that memo indicate, "School Child's school date changed; to June 01, 2019 through May 30, 2023." 

A letter was then mailed to the Veteran in June 2019 suggesting A.G. had been added to his award effective August 27, 2019. The letter went on to indicate VA would remove A.G. from the award "effective May 30, 2023 for the following reason: [A.G.] has stopped attending school on September 2, 2019." There was no indication in this letter than an overpayment had been created. However, in June 2019, the VA Debt Management Center (DMC) sent the Veteran a letter notifying him of a $528.00 debt. It is unclear in the record how this debt was calculated, particularly given the internal memorandum showing a calculated $337.00 debt. In July 2019, the Veteran submitted a Notice of Disagreement with the debt indicating he felt that the amount was a mistake and was miscalculated. This is clearly a challenge to whether this debt was properly created. 

Also in July 2019, the Veteran submitted a Financial Status Report requesting a waiver of the debt at issue. The March 2020 COWC decision on appeal was issued in response. This decision adds further confusion to the validity of this debt, as COWC indicated, "[VA] received information that your dependency status changed. Based on this information, your dependent spouse Brian was removed from your award effective 8/1/2015." The Veteran has been married to J.G. since 1999 and the debt at issue pertains to a 2019 debt related to his daughter's dependency status. Thus, the waiver decision clearly includes errors. 

The appeal presently before the Board arises from this waiver decision; however, the matter related to the validity of this debt has not yet been adjudicated.

The Court of Veterans Appeals (Court) has directed that appellate review by Board on the Veteran's waiver claim must be deferred pending formal adjudication of the Veteran's challenge to the validity of the debt, which must be undertaken by the RO. Schaper v. Derwinski, 1 Vet. App. 430, 437 (1991) ("when a Veteran raises the validity of the debt as part of a waiver application... it is arbitrary and capricious and an abuse of discretion to adjudicate the waiver application without first deciding a veteran's challenge to the lawfulness of the debt asserted against him or her"); VAOPGCPREC 6-98 (July 24, 1998) (holding that when a veteran challenges the validity of the debt and seeks waiver of the debt, the [Regional Office] must first fully review the debt's validity and, if the debt is believed to be valid, prepare a written decision fully justifying the validity of the debt before referring the waiver request to the Committee on Waivers and Compromises). A debtor may dispute the amount or existence of a debt, which is a right that may be exercised separately from a request for waiver or at the same time. 38 C.F.R. § 1.911(c)(1). Resolution of the creation issue must precede consideration of the waiver issue. 

The Board notes that since the Veteran's appeal comes to the Board via the Appeals Modernization Act (AMA) review system, ordinarily the Board can only consider the record as of the COWC decision. See 38 C.F.R. §§ 20.202(b)(1), (c)(1), 20.301. However, the Board must remand cases where there is a pre-decisional duty to assist error or correction of any error by the RO, other than a duty to assist error, in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the Veteran's claim. See 38 C.F.R. § 20.802(a). 

Here, VAOPGCPREC 6-98 (July 24, 1998) essentially indicates that part or all of this debt may not need to be waived because it is invalid, thereby lessening the burden on the Veteran to support the claim. The Board considers the circumstances here a correctible error by the RO in satisfying its regulatory and statutory duties under 38 U.S.C. § 5302(b) and 38 C.F.R. § 1.965, and that correction raises a reasonable possibility of aiding in substantiating the Veteran's claim. Accordingly, remand for this specific action under these circumstances is appropriate under the AMA.

This matter is REMANDED for the following:

Adjudicate the issue of whether the overpayment was properly created, to include providing the Veteran a clear explanation of the debt at issue. The RO must consider the Veteran's argument that his dependency status for A.G. should have continued uninterrupted. 

The RO should also explain why internal documents show a $337.00 debt, but a $528.00 debt was assessed against the Veteran.

 

 

GEORGE R. SENYK

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Adamson, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.